UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Robert Logan Morris,　　　　　　　　　CASE NO.:

　　　　Plaintiff,

vs.

ST. AUGUSTINE POWERSPORTS,
LLC, a Florida Limited Liability
Company, and MARC MALAGA,
Individually,

　　　　Defendants.　　　　/

**COMPLAINT & DEMAND FOR JURY TRIAL**

　　　Plaintiff, ROBERT LOGAN MORRIS ("Plaintiff"), through undersigned counsel, files this Complaint against Defendants, ST. AUGUSTINE POWERSPORTS, LLC, a Florida Limited Liability Company ("the Company"), and MARC MALAGA, Individually ("Malaga") (collectively, "Defendants"), and states as follows:

**INTRODUCTION**

　　　1.　　　This case is brought pursuant to the Families First Coronavirus Response Act ("FFCRA"), Pub.L. No. 116-127, 134 Stat. 178 (2020), Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. 12101, and the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statutes §760.01, *et seq.*, to recover front pay, back pay, liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, punitive damages and reasonable attorneys' fees and costs and any

1

other relief to which Plaintiff is entitled including, but not limited to equitable relief.

2. On March 18, 2020, the FFCRA was signed into law as a legislative initiative to address COVID-19. The FFCRA was thereafter enacted into law on April 1, 2020.

3. In pertinent part, the FFCRA establishes paid leave for certain eligible employees impacted by the COVID-19 public health crisis. *See* 29 U.S.C.A. § 2620.

4. Division E of the FFCRA is referred to as the Emergency Paid Sick Leave Act (or "EPSLA"). It requires that covered employers provide eligible employees with up to two (2) weeks of paid sick leave and job protection for employees who, among others things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

5. The law further prohibits employers from "from discharging, disciplining or discriminating against any employee because such Employee took Paid Sick Leave under the ESLPA." 29 C.F.R. § 826.150(a).

6. An Employer who commits a prohibited act described in 29 C.F.R. § 826.150(a) is "considered to have violated 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in section 16 and 17 of the FLSA." 29 C.F.R. § 826.150(a).

## **JURISDICTION**

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1367.

8. Venue is proper as the acts and omissions giving rise to Plaintiff's claims occurred in St. Johns County, Florida.

9. The illegal conduct complained of and the resultant injury occurred within the

judicial district in and for the Middle District of Florida.

10. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commision ("EEOC"). On July 23, 2020, the EEOC issued its right-to-sue letter. Therefore, this complaint is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

## PARTIES

11. At all times material to this action, Plaintiff was, and continues to be, a resident of the State of Florida.

12. At all times material to this action, Defendant, ST. AUGUSTINE POWERSPORTS, LLC was, and continues to be, a Florida Limited Liability Company operating and engaged in business in Florida, doing business in St. Johns County.

13. At all times material to this action, Defendant, MARC MALAGA, was and continues to be a resident of the State of Florida.

14. From approximately March 2020, until his termination on June 16, 2020, Plaintiff was employed as Defendants' finance manager.

15. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FFCRA, the ADAAA and the FCRA.

16. At all times material to this action, Defendants were, and continue to be, "employers" within the meaning of the FFCRA, the ADAAA and the FCRA.

17. At all times material to this action, Defendants, ST. AUGUSTINE POWERSPORTS, LLC and MARC MALAGA is/was an employer under the FFCRA in that it employs less than 500, but more than 15 employees.

18. At all times material to this action, Plaintiff was an employee entitled to leave under the FFCRA based on the fact that he was employed by Defendants for at least thirty (30)

3

calendar days immediately prior to the day his leave would begin.

## FACTUAL ALLEGATIONS

19. In March 2020, Malaga hired Plaintiff as Defendants' finance manager.

20. Throughout Plaintiff's employment, he informed his manager Nate Raymond ("Raymond") of his sleep issues.

21. On numerous occasions, Plaintiff informed the Company that he would be going to a sleep specialist once his health insurance was activated.

22. Due to Plaintiff's sleep issues, Plaintiff was often late to work; however, it was never an issue with management.

23. Raymond would jokingly tell Plaintiff to arrive earlier next time and if he was going to be late, then to bring breakfast to make up for it.

24. In early May 2020, Plaintiff's sleep condition became worse and Plaintiff informed Raymond that he was scheduling an appointment with a sleep center to hopefully figure out the root cause of Plaintiff's sleep problems.

25. Unfortunately, due to COVID-19 related closures, Plaintiff was unable to see a sleep specialist immediately and would not be able to do so until his health insurance through the Company was started.

26. On or about June 12, 2020, Plaintiff started to feel COVID-19 related symptoms. Following CDC and state guidelines, Plaintiff began self-quarantining and informed Raymond of his need for sick leave.

27. Later that same day, Plaintiff received a COVID-19 test and health care providers instructed Plaintiff to continue self-quarantining while he waited for his test results.

28. Later that same day, Malaga called Plaintiff screaming for Plaintiff to get to

work and to "just wear a mask." Malaga added that he did not care if Plaintiff was sick with COVID-19 since Malaga would be missing out on thousands of dollars each day without a finance manager.

29. On June 13, 2020, Raymond told Plaintiff that the Company's sales manager, Sam (last name not known) ("Sam"), was also suffering from COVID-19 symptoms.

30. Plaintiff contacted Sam to see how he was doing.

31. Plaintiff quickly learned that despite possibly having COVID-19, Sam continued to come into work fearing that Malaga would terminate him if he refused to do so.

32. Later that day, Malaga texted Plaintiff explaining that Plaintiff can only speak with Raymond and no other employees until Plaintiff is "ready to come back" to work.

33. Additionally, Malaga texted Plaintiff that he was going to "lose 5-15k in backed this weekend and additional sales" because Plaintiff was on sick leave. Plaintiff was only required take sick leave under CDC guidelines for fourteen (14) days—a reasonable accommodation which would protect Plaintiff's health as well as the health of others.

34. On June 16, 2020, Plaintiff received his COVID-19 positive results and immediately informed Malaga and Raymond.

35. A few hours later, Malaga texted Plaintiff to inform him that he was fired.

36. Malaga knew Plaintiff had contracted COVID-19, which potentially impacts certain major life activities on a temporary or permanent basis, and thus perceived him as disabled because of the virus.

37. Moreover, Defendants refused to engage in the good faith interactive process.

38. By terminating Plaintiff, Defendants interfered with his right to EPSLA leave.

39. Moreover, Defendants discriminated against Plaintiff by terminating him

because he sought to enforce his rights under the FFCRA. As such, there is a causal link between Plaintiff's request for leave and the adverse employment actions described herein.

40. Under the FFCRA, Plaintiff is entitled to liquidated damages (including interest) unless Defendants prove their actions were in good faith compliance with the FFCRA and that it had objectively reasonable grounds to think its conduct did not violate the FFCRA.

41. The Company, through its President, Defendant Malaga, willfully violated Plaintiff's rights qualifying him for liquidated damages.

42. Plaintiff has incurred attorneys' fees and costs which are recoverable under the FFCRA, ADAAA and the FCRA.

43. Defendant Malaga aided or abetted the Company's illegal conduct under the FFCRA by sanctioning Plaintiff's termination.

44. Plaintiff sustained damages as a result of Defendants' conduct including lost compensation and benefits, liquidated damages, and reasonable attorneys' fees and costs.

## COUNT I
## Unpaid Sick Leave in Violation of FFCRA/EPSLA (as to Defendants)

45. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through forth-four (44), above, as if fully set forth herein.

46. Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the EPSLA because he was advised by a health care provider to self-isolate due to concerns related to COVID-19,

47. Defendants failed to pay Plaintiff for any sick leave while he was advised by a health care provider to self-isolate and did not report to work.

48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered lost wages.

49. The violations of law complained of herein were willful; accordingly, Plaintiff also seeks liquidated and/or punitive damages, to the fullest extent available under the law, as well as reasonable attorneys' fees.

## COUNT II
### Retaliation or Interference in Violation of FFCRA/EPSLA (as to Defendants)

50. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through forty-four (44), above, as if fully set forth herein.

51. The EPSLA prohibits employers from discharging any employee because the employee took qualifying paid sick leave and requires an employer to restore an employee to the same or equivalent position after taking qualifying sick leave. 29 C.F.R. §§ 826.130(a), 826.150(a).

52. Defendants terminated Plaintiff while he was advised by a health care provider to self-isolate due to concerns related to COVID-19.

53. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff suffered lost wages and significant emotional distress because of his termination.

54. Plaintiff also seeks liquidated and/or punitive damages, to the fullest extent of the law, as well as reasonable attorneys' fees.

## COUNT III
### Disability/Perceived Disability
### Discrimination Under the ADAAA (as to the Company only)

55. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through forty-four (44), above, as if fully set forth herein.

56. Plaintiff was a qualified individual with a disability.

57. Plaintiff was perceived as disabled by the Company.

58. The Company was Plaintiff's employer as defined by the ADAAA.

59. The Company discriminated/retaliated against Plaintiff because of his actual or perceived disability in violation of the ADAAA.

60. The Company discriminated and/or retaliated against Plaintiff because he exercised his rights under the ADAAA by notifying Defendants of his need for accommodation.

61. The Company had actual or constructive knowledge of the discriminatory/retaliatory conduct.

62. The Company's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

63. The Company's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADAAA.

64. Plaintiff has no plain, adequate or complete remedy at law for the actions of the Defendants, which have caused and continue to cause irreparable harm.

65. The Company's violations of the ADAAA were willful.

66. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to the ADAAA.

## COUNT IV
### Failure to Accommodate Under the ADAAA (as to the Company only)

67. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through forty-four (44), above, as if fully set forth herein.

68. Plaintiff was a qualified individual with a disability.

69. The Company was Plaintiff's employer as defined by the ADAAA.

70. Plaintiff's medical condition substantially limited one or more of his major life activities. As such Plaintiff required accommodation to continue to perform the essential duties of his position.

71. The accommodation requested by Plaintiff was reasonable and would not impose undue hardship on the Company.

72. The Company refused to accommodate Plaintiff, and did not engage in the interactive process to determine if accommodation was warranted.

73. The Company's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

74. The Company's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADAAA.

75. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

76. The Company's violations of the ADAAA were willful.

77. Plaintiff is entitled to recover of his attorneys' fees and costs pursuant to the ADAAA.

## COUNT V
### Retaliation Under the ADAAA (as to the Company only)

78. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through forty-four (44), above, as if fully set forth herein.

79. Plaintiff was a qualified individual with a disability.

80. Plaintiff was perceived as disabled by the Company.

81. The Company was Plaintiff's employer as defined by the ADAAA.

82. The Company discriminated/retaliated against Plaintiff because of his disability in violation of the ADAAA.

83. The Company discriminated and/or retaliated against Plaintiff because he exercised his rights under the ADAAA.

84. The Company had actual or constructive knowledge of the discriminatory/retaliatory conduct of the Company's owner and Defendants' general manager.

85. The Company's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the ADAAA.

86. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

87. The Company's violations of the ADAAA were willful.

88. Plaintiff is entitled to recover his attorney's fees and costs pursuant to the ADAAA.

### COUNT VI
### Disability Discrimination Under the FCRA (as to the Company only)

89. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through forty-four (44), above, as if fully set forth herein.

90. Plaintiff's condition was a disability as defined by the FCRA since it substantially limited one or more of Plaintiff's major life activities.

91. Plaintiff was qualified to perform the essential functions of his job, with a reasonable accommodation.

92. Plaintiff asked for a reasonable accommodation, however, the Company refused to engage in the interactive process.

93. The Company was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of his disability.

94. The Company terminated Plaintiff on the basis of his disability or because the Company regarded Plaintiff as disabled in violation of the FCRA.

95. As a result of the Company's conduct set forth above, Plaintiff is entitled compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

96. The Company engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

97. Plaintiff suffered emotional pain and mental anguish as a direct result of the Company's unlawful discrimination.

98. Plaintiff has suffered pecuniary losses as a direct result of the Company's unlawful discrimination.

99. As a result of the Company's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

### COUNT VI
### Failure to Accommodate in Violation of Discrimination Under the FCRA (as to the Company only)

101. Plaintiff re-alleges and incorporates all allegations contained within Paragraphs one (1) through forty-four (44), above, as if fully set forth herein

102. Plaintiff's condition was a disability as defined by the FCRA since it substantially limited one or more of Plaintiff's major life activities.

103. Plaintiff was qualified to perform the essential functions of his job, with a reasonable accommodation.

104. Plaintiff asked for a reasonable accommodation, however, the Company refused to engage in the interactive process.

105. But for his actual or perceived disability, or because of his request for a reasonable accommodation, Plaintiff would not have been terminated.

106. As a result of the Company's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

107. The Company engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

108. Plaintiff suffered emotional pain and mental anguish as a direct result of the Company's unlawful discrimination.

109. As a result of the Company's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE Plaintiff, ROBERT LOGAN MORRIS, prays for a trial by jury and all legal and equitable relief allowed by law including:

    a) Back pay and benefits;

    b) Interest on back pay and benefits;

    c) Front pay and benefits and/or lost earning capacity;

    d) Compensatory damages for emotional pain and suffering;

    e) Punitive damages;

    f) Injunctive relief;

    g) Prejudgment interest;

    h) Costs and attorney's fees; and

    i) Such relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff requests a trial by jury on all issues so triable.

Dated this 17th day of August, 2020.

        Respectfully submitted,

        **/s/ THOMAS DICKENS**
        THOMAS L. DICKENS, III, ESQ.
        Florida Bar No.: 06387
        **/s/ RYAN NASO**
        RYAN D. NASO, Esq.
        Florida Bar No.: 1010800
        Morgan & Morgan, P.A.
        20 N. Orange Avenue, Suite 1600
        Orlando, FL 32801
        Telephone: (407) 420-1414
        Facsimile: (407) 204-2208
        E-mail: tdickens@forthepeople.com
                rnaso@forthepeople.com
                mfermaint@forthepeople.com

        *Attorneys for Plaintiff*